Linus **KATZNER**, Respondent,

v.

**KELLEHER CONSTRUCTION,**
Defendant and Third–Party
Plaintiff, Respondent,

**Ellerbe Becket Construction Services, Inc.,**
a Delaware Corporation, Defendant and
Third–Party Plaintiff, Appellant,

**Gresser, Inc., and Spancrete Midwest**
Co., Third–Party Defendants,
Respondents.

No. C4–95–555.

Court of Appeals of Minnesota.

Aug. 15, 1995.

Review Granted Oct. 19, 1995.

David G. Moeller, Robert M. Gardner, Minneapolis, for respondent Katzner.

Daniel A. Haws, Murnane, Conlin, White & Brandt, St. Paul, for respondent Kelleher Const.

Robert H. Peterson, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for appellant Ellerbe Becket Const. Services, Inc.

Kevin P. Keenan, Charles E. Lundberg, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent Gresser, Inc.

Lawrence J. Skoglund, Erstad & Reimer, Minneapolis, for respondent Spancrete.

Considered and decided by NORTON, P.J., and HUSPENI and FOLEY,* JJ.

## OPINION

DANIEL F. FOLEY, Judge.

Linus Katzner brought an action against Ellerbe Becket Construction Services, Inc. (Ellerbe), and Kelleher Construction (Kelleher) alleging negligence resulting in his injury while in the course of his employment at a construction site. Ellerbe and Kelleher brought cross-claims against each other and brought third-party complaints against Gresser, Inc. (Gresser), Katzner's employer, and Spancrete Midwest Co. (Spancrete). Ellerbe, the general contractor, tendered its defense to Spancrete and Kelleher based on contracts existing between Ellerbe and said

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

subcontractors. Kelleher refused Ellerbe's tender of defense, and Spancrete did not respond. The court approved Katzner's settlement with Gresser and its workers' compensation carrier and dismissed Gresser from the case.

Ellerbe brought a motion for summary judgment against Kelleher and Spancrete on the ground that they were contractually obligated to defend and indemnify Ellerbe against claims of negligence. Kelleher and Spancrete brought cross-motions for summary judgment, denying any such obligation. Ellerbe's motion was denied, and Kelleher's and Spancrete's motions were granted. The matter thereafter proceeded to trial.

The jury returned a verdict apportioning fault among the various parties and awarding damages to Katzner. Ellerbe's post-trial motion requesting a collateral source reduction of damages was denied. Ellerbe appeals the trial court's denial of its motions for summary judgment against Kelleher and Spancrete and the trial court's refusal to order a collateral source reduction of the damages awarded to Katzner.

## FACTS

Ellerbe was the designer and builder of a construction project. Ellerbe executed contracts with Spancrete and Kelleher for construction work on the project. Kelleher in turn executed a contract with Gresser to provide services at the site.

Katzner was an employee of Gresser and was injured while at work. Katzner received workers' compensation benefits from Gresser's carrier and sued Kelleher and Ellerbe to recover damages allegedly caused by their negligence in maintaining an unsafe worksite. Ellerbe and Kelleher brought cross-claims against each other and brought third-party complaints against Gresser, Katzner's employer, and Spancrete. Ellerbe, the general contractor, tendered its defense to Spancrete and Kelleher based on contracts existing between Ellerbe and said subcontractors. Kelleher refused Ellerbe's tender of defense, and Spancrete did not respond.

The court approved Katzner's settlement with Gresser and its workers' compensation carrier and dismissed Gresser from the case. Ellerbe brought a motion for summary judg-

ment against Kelleher and Spancrete on the ground that they were contractually obligated to defend and indemnify Ellerbe against claims of negligence. Kelleher and Spancrete brought cross-motions for summary judgment, denying any such obligation. The contracts between Ellerbe, Kelleher, and Spancrete contain the following language:

2.17 **Indemnification Against Injury or Damage.** The Contractor [Kelleher; Spancrete] shall indemnify and hold harmless the Owner, the Design/Builder [Ellerbe], the Design/Builder's Architect and Consultants, and their agents and employees from and against all claims, damages, losses and expenses (including Attorneys' fees) arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or death * * * and (b) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor or Sub-subcontractors, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.

\*     \*     \*     \*     \*     \*

10.1.1 The Contractor shall purchase and maintain comprehensive general liability insurance as will protect himself, the Design/Builder * * * from claims * * * which may arise out of or result from the Contractor's operations under the Contract * * * whether such operations be by himself or by any Subcontractor or by anyone directly or indirectly employed by any of them or by anyone for whose acts any of them may be liable.

\*     \*     \*     \*     \*     \*

10.1.3 The insurance required by subparagraph 10.1.1 shall be written for not less than any limits of liability specified below or required by law, whichever is greater, and shall include contractual liability insurance as applicable to the Contractor's obligations under paragraphs * * * 2.17.

Ellerbe's motion was denied, and Kelleher's and Spancrete's motions were granted, the

court finding no entitlement in Ellerbe to a defense or indemnity under the terms of the contracts for liability predicated upon its own negligence. The trial court wrote:

> [Ellerbe] has entered into contracts with Spancrete and Kelleher in which Spancrete and Kelleher have agreed to insure [Ellerbe] against claims which result from either their own acts, or acts which are arguably "downstream" of them—acts which, through their choice of employees, procedures, or subcontracting policies they may have an effect upon. This clause does *not* spell out that Kelleher and Spancrete will insure against claims which have no relation to their operations.

The matter thereafter proceeded to trial. The jury returned a verdict apportioning fault among the various parties and awarding damages to Katzner in the total amount of $351,532. The verdict of $351,532 was apportioned as follows: Katzner 5%, Kelleher 0%, Gresser 65%, Ellerbe 20%, and Spancrete 10%. Ellerbe brought a posttrial motion to reduce the damages awarded Katzner by the amount received in workers' compensation benefits. This motion was denied. Ellerbe now appeals.

## ISSUES

I. Do Ellerbe's contracts with Kelleher and Spancrete require Kelleher and Spancrete to defend and indemnify Ellerbe against claims based on Ellerbe's negligence?

II. Did the trial court err in not ordering a collateral source reduction in the amount of the damages awarded to Katzner?

## ANALYSIS

### Standard of Review

Summary judgment is an extraordinary remedy—a "blunt instrument" to be used only where it is clearly applicable. *See Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966). On appeal from a grant of summary judgment, we determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. Minn.R.Civ.P. 56.03; *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We must view the evidence in the light most favorable to the nonmoving party, but we need not defer to the trial court's application of the law. *Offerdahl*, 426 N.W.2d at 427; *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

## I.

Construction of a contract is a question of law for the court. *Hunt v. IBM Mid America Employees Fed. Credit Union*, 384 N.W.2d 853, 856 (Minn.1986). Construction of the contracts at issue reveals that neither Kelleher nor Spancrete has a duty to defend or indemnify Ellerbe against claims based on Ellerbe's own negligence, since neither has agreed to procure insurance which would cover such negligence claims.

> An indemnification agreement contained in, or executed in connection with, a building and construction contract is unenforceable except to the extent that the underlying injury or damage is attributable to the negligent or otherwise wrongful act or omission, including breach of specific contractual duty, of the promisor or the promisor's independent contractors, agents, employees, or delegatees.

Minn.Stat. § 337.02 (1992). "Sections 337.01 to 337.05 do not affect the validity of agreements whereby a promisor agrees to provide specific insurance coverage for the benefit of others." Minn.Stat. § 337.05, subd. 1 (1992). In short, when an indemnitor's obligations are covered by insurance, then the invalidation language of section 337.02 does not apply. *Seifert v. Regents of the Univ. of Minn.*, 505 N.W.2d 83, 86 (Minn.App.1993) (citing *Holmes v. Watson–Forsberg Co.*, 488 N.W.2d 473, 475 (Minn.1992)), *pet. for rev. denied* (Minn. Oct. 28, 1993).

The statutory provisions were examined in the recent case of *Hurlburt v. Northern States Power*, 524 N.W.2d 546 (Minn.App. 1994), *pet. for rev. granted* (Minn. Feb. 14, 1995). In that case, the court held that the contractor was entitled to judgment because the contract in question contained a provision clearly requiring the subcontractor to provide insurance benefits to the contractor, even for claims based on the contractor's own negligence. *See id.* at 549–50.

*Oster v. Medtronic, Inc.,* 428 N.W.2d 116 (Minn.App.1988), upon which Ellerbe relies, does not control decision here. The decision in that case was based on facts which occurred before enactment of the applicable statutes.

Although the language in section 2.17 indicates that Kelleher and Spancrete agree to indemnify Ellerbe against claims based on Ellerbe's own negligence, without an accompanying agreement to procure insurance against such claims, the agreement is unenforceable under Minn.Stat. § 337.02. Under the insurance procurement provision here, Kelleher and Spancrete must procure insurance only against claims arising from their own operations. *Hurlburt* is thus distinguishable on its facts, rendering any agreement on the part of Kelleher and Spancrete to indemnify Ellerbe against claims arising from Ellerbe's own negligence unenforceable as a matter of law.

In view of the fact that we affirm the trial court on the question of indemnification of Ellerbe, we do not address Gresser's claim with respect to its duty to indemnify Kelleher.

## II.

■■■ Arguing that Katzner has received a windfall recovery, Ellerbe claims the trial court erred in failing to apply a collateral source reduction to the total damages awarded him.

The collateral source statute provides:

**Subd. 2. Motion.** In a civil action, * * * when damages include an award to compensate the plaintiff for losses available to the date of entry of the verdict by collateral sources, a party may [move for a] determination of collateral sources. If the motion is filed, * * * the court shall determine:

(1) amounts of collateral sources that have been paid for the benefit of the plaintiff or are otherwise available to the plaintiff as a result of losses except those for which a subrogation right has been asserted; and
(2) amounts that have been paid * * * [by] the plaintiff * * * to secure the right to a collateral source benefit * * *.

**Subd. 3. Duties of the court.** (a) The court shall reduce the award by the amounts determined under subdivision 2, clause (1), and offset any reduction in the award by the amounts determined under subdivision 2, clause (2).

Minn.Stat. § 548.36, subds. 2, 3(a) (1992). The statute includes workers' compensation benefits in its definition of collateral sources. *Id.,* subd. 1(1). The statute is designed to prevent plaintiffs from enjoying a windfall recovery at the expense of defendants. *Buck v. Schneider,* 413 N.W.2d 569, 572 (Minn. App.1987).

In exchange for his promise to save Gresser and the workers' compensation carrier harmless from *Lambertson*[1] claims, to discontinue his claim to workers' compensation benefits and to terminate his employment with Gresser, Katzner was assigned Gresser's and the carrier's subrogation rights and obtained Gresser's and the carrier's promise to pay certain outstanding medical bills related to his injury. By the terms of the assignment of subrogation rights, Katzner agreed that he would continue to assert such rights for purposes of the collateral source statute. Thus, the resolution of this issue turns on whether Katzner asserted the subrogation rights he acquired as part of his settlement with Gresser and the carrier. Since this case is indistinguishable from *Kohn v. La Manufacture Francaise Des Pneumatiques Michelin,* 476 N.W.2d 184 (Minn.App.1991), *pet. for rev. denied* (Minn. Dec. 13, 1991), we hold that he did. *See id.* at 189–90 (plaintiff obligated by terms of settlement to assert fully assigned subrogation rights deemed to have asserted them). Additionally, the trial court's Findings of Fact, Conclusions of Law and Order for Entry of Judgment, dated June 22, 1994, confirms that "[d]uring the trial, plaintiff asserted Gresser's and [its carrier]'s subrogation rights." A collateral source reduction would thus be inappropriate in this case.

The trial court properly denied Ellerbe's motion for a collateral source reduction of the damages awarded Katzner.

1. *See Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977).

**830**

## DECISION

The trial court's order denying Ellerbe's motion for summary judgment and granting Kelleher's and Spancrete's motions for summary judgment is affirmed. The trial court's denial of Ellerbe's motion for a collateral source reduction of the damages awarded Katzner is affirmed.

**Affirmed.**